Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEJANDRO NOE MANZO,<br><br>    Defendant. | 2:21-CR-00058-TOR-1<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum:

I.  Background

The United States requests an opportunity to file additional materials in response to any memorandum or factual assertions filed by the Defendant.

The United States relies on the facts contained within the United States Probation Office's Pre-Sentence Investigation Reports and Addendum (PSIR). ECF 36 and 37.

Beginning the spring of 2020, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Federal Bureau of Investigation (FBI) began investigating individuals associated with Sureno street gangs in the Moses Lake area. During the

United States' Sentencing Memorandum- 1

investigation, special agents identified the Defendant as possibly being involved in illegal activity. On May 4, 2021, law enforcement officers executed a search warrant at the residence where the Defendant resided. During the execution of this search warrant, law enforcement officers located a Taurus, model PT 140, .40 caliber pistol, bearing serial number SYG 04426, .40 caliber ammunition, and a loaded .40 caliber pistol magazine. ECF No. 37, ¶34. Also located was evidence of dominion and control associated with the Defendant. *Id.* A record check on the pistol's serial number indicated it was previously reported stolen out of Kennewick, Washington. ECF No. 37, ¶38.

On May 5, 2021, the Defendant was indicted one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). ECF No. 37, ¶1. On January 12, 2022, the Defendant entered a plea of guilty to the sole count of the indictment. ECF No. 37, ¶3.

## II.    Sentencing Calculations

The United States agrees that the base offense level is 14, as outlined in the PSIR, because the Defendant was a prohibited person. ECF No. 37, ¶57. The United States agrees that the offense level should be increased by 2 levels because the Taurus pistol was previously reported stolen at the time of the Defendant's possession. ECF No. 37, ¶58. The United States notes the PSIR concludes that an additional 2 level should be added to the base offense level because the offense involved three or more firearms. ECF No. 37, ¶59. Part of this enhancement is based upon statements made by a confidential informant and complainant. *Id.* The United States respects the United States Probation Office's position, however, the United States does not intend to offer evidence at sentencing relevant to this enhancement beyond what is contained within the PSIR. The United States notes the Defendant intends to object to the application of this enhancement, which the United States will provide a response if appropriate.

United States' Sentencing Memorandum- 2

The United States agrees the Defendant's offense level should be decreased by 3 levels for acceptance of responsibility. The Defendant therefore has a total offense level of 13.[1] The Criminal History Category as calculated by the United States Probation Office (USPO), which the Government agrees, is III. The Defendant therefore has a sentence range of 18 to 24 months.

### III. United States' Sentencing Recommendation

The United States respectfully submits that a term of 18 months incarceration, followed by a 3-year term of supervised release, would be a "reasonable" sentence under the facts and circumstances of this case and would not be greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. §3553(a).

In accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing courts must engage in a two-step process when imposing a sentence. The first step requires a court to calculate properly the advisory Guidelines sentencing range. *See United States v. Cantrell*, 433 F.3d 1269, 1279-80 (9th Cir. 2006). A sentencing court should use this range as a starting point for its assessment of an appropriate sentence. *Id*. The second step requires a sentencing court to impose a "reasonable" sentence in light of all the factors under 18 U.S.C. § 3553(a). *See United States v. Marcial-Santiago*, 447 F.3d 715, 717 (9th Cir. 2006).[2] A wide range of sentences may be deemed reasonable. *See United States v. Mohamed*, 459 F.3d 979, 989 (9th Cir. 2006) ("reasonableness is a range, not a point."(quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)).

---

[1] The United States calculates the adjusted offense level without including the two-level adjustment regarding the number of firearms. If the Court concludes the two-level adjustment is appropriate, the United States would concur the adjusted offense level would be 15, with a corresponding advisory guideline range of 24-30 months.

United States' Sentencing Memorandum- 3

In fulfilling its responsibilities under 18 U.S.C. § 3553, the court is not limited in the information that it may consider; rather, it may consider any evidence that bears upon the defendant's background, character, and conduct:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661. The information which the court may consider extends to prior allegations for which no criminal charges were filed or for which a defendant was previously acquitted. *United States v. Putra*, 519 U.S. 148 (1997).

Although *Booker* requires the court to consider the factors identified in 18 U.S.C. § 3553(a), that requirement "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006); *See also Rita v. United States*, 551 U.S. 338 (2007). The factors a sentencing judge must consider are the nature and circumstances of the offense and the history and characteristics of the defendant. The sentencing court must also consider the need for the sentence imposed to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; provide the defendant with needed educational training, medical care, or other correction treatment. A sentencing court must also consider the "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

In the present case, the Defendant was convicted of being a felon in possession of a firearm. The Defendant is a multi-convicted felon and prohibited from possessing any firearms and ammunition. A sentence of 18 months, while not the longest period

United States' Sentencing Memorandum- 4

of confinement served by the Defendant, is sufficient given the nature and circumstances of this particular case.

A sentence of 3 years supervised release is further warranted to ensure the Defendant remains law-abiding and drug free upon his release from any custody imposed by the Court.

## IV.    Conclusion

The Government believes a sentence of 18 months followed by a 3-year term of supervision is justified under 18 U.S.C. § 3553(a) and believes that it is an appropriate and reasonable sentence.

DATED: March 30, 2022.

Vanessa R. Waldref
United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

Emily Gause

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney