PROB 12C
(6/16)

Report Date:  March 12, 2026

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Mar 13, 2026**

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Alejandro Noe Manzo          Case Number: 0980 2:21CR00058-TOR-1

Address of Offender: ███████████  Moses Lake, Washington 98837

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: April 13, 2022

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | |
| Original Sentence: | Prison - 24 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(March 27, 2024) | Prison- 24 months<br>TSR- 12 months | |
| Asst. U.S. Attorney: | Patrick J. Cashman | Date Supervision Commenced: November 5, 2024 |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: November 4, 2026 |

### PETITIONING THE COURT

To issue a warrant.

On November 5, 2025, Alejandro Manzo participated in a supervision intake. His judgement was reviewed with him. He signed a copy of his judgement acknowledging an understanding of the conditions imposed by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #1**: You must not commit another federal, state or local crime.<br><br>**Supporting Evidence**: It is alleged that Alejandro Manzo violated the terms of his supervised release by Driving While Under the Influence (DUI), in violation of  Revised Code of Washington (RCW) 46.61.502, on or about March 7, 2026.<br><br>(See narrative in violation number 7.) |

Prob12C
**Re: Manzo, Alejandro Noe**
**March 12, 2026**
**Page 2**

2          **Mandatory Condition #1**: You must not commit another federal, state or local crime.

**Supporting Evidence**: It is alleged that Alejandro Manzo violated the terms of his supervised release by Driving While License Suspended (DWLS), 3rd Degree, in violation of RCW 46.20.342.1C, on or about March 7, 2026.

(See narrative in violation number 7.)

3          **Mandatory Condition #1**: You must not commit another federal, state or local crime.

**Supporting Evidence**: It is alleged that Alejandro Manzo violated the terms of his supervised release by Operating a Motor Vehicle without Ignition Interlock Device, in violation of RCW 46.20.740, on or about March 7, 2026.

(See narrative in violation number 7.)

4          **Mandatory Condition #1**: You must not commit another federal, state or local crime.

**Supporting Evidence**: It is alleged that Alejandro Manzo violated the terms of his supervised release by Possessing a Firearm in the 2nd Degree, in violation of RCW 9.41.040.2A, on or about March 7, 2026.

(See narrative in violation number 7.)

5          **Mandatory Condition #1**: You must not commit another federal, state or local crime.

**Supporting Evidence**: It is alleged that Alejandro Manzo violated the terms of his supervised release by Possessing a Stolen Firearm, in violation of RCW 9A.56.310, on or about March 7, 2026.

(See narrative in violation number 7.)

6          **Standard Condition #10**: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

**Supporting Evidence**: It is alleged that Alejandro Manzo violated the terms of his supervised release by possessing a firearm, on or about March 7, 2026.

(See narrative in violation number 7.)

7          **Special Condition #7**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from all alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: It is alleged that Alejandro Manzo violated the terms of his supervised release by refusing to submit to a Breathalyzer, on or about March 7, 2026.

Prob12C
**Re: Manzo, Alejandro Noe**
**March 12, 2026**
**Page 3**

On March 7, 2026, at approximately 11:20 p.m., a police officer with the Moses Lake Police Department was driving south on SR-17 and approached a red light at the intersection of East Broadway Avenue. At that time, he observed a white Chevrolet Camaro come to a stop at the same red light. Upon coming to a stop, the officer witnessed the driver and the passenger of the Camaro exit the vehicle and switch seats. After switching seats, the new driver of the Camaro performed a burn out in front of the officer, and accelerated southbound onto SR-17.

At this time, the officer engaged his emergency overhead lights and performed a traffic stop on the Camaro. Upon making contact with the driver, later identified as Alejandro Manzo, the officer observed his eyes to be droopy, watery, and bloodshot. The passenger claimed that the vehicle was his. Dispatch informed the officer that both Mr. Manzo and the passenger were driving while license suspended (3rd degree). During this interaction, the officer observed an empty Fireball bottle in the center console. Both Mr. Manzo and the passenger were instructed to exit the vehicle at that time. The officer observed several alcohol containers on the floorboard as Mr. Manzo exited the vehicle.

Once out of the vehicle, the officer asked Alejandro Manzo how much he had been drinking. He denied having any alcoholic drinks, and when asked to submit to a voluntary field sobriety test, he refused. Mr. Manzo was then placed under arrest for driving under the influence and was secured in the back of the patrol vehicle. During the arrest, the officer observed that Alejandro Manzo was slurring his speech, and had a strong odor of an intoxicating liquor emitting from his person.

After placing Mr. Manzo in the patrol vehicle, the officer continued to look through the windows of the Camaro to further investigate the alcoholic containers found. Once the passenger noticed the officer begin to look into the vehicle, he abruptly told him to stop. It was at this time that the officer observed a pistol under the front passenger seat, which appeared to be a Beretta M9. The passenger was subsequently placed into custody. Upon being confronted about the firearm, the passenger claimed that the firearm was not his. When asked if the firearm belonged to Mr. Manzo, the passenger nodded yes. The passenger was arrested for DUI, as well as DWLS. The passenger later provided a breath sample of 0.13 BAC.

While being processed for DUI, Mr. Manzo made several comments about being on federal supervision, and made a number of comments about being an active gang member, stating that he did not care if he went back to prison for 5 to 15 years. After the observation period for the DUI processing, Mr. Manzo was asked to provide a breath sample. After agreeing to provide a breath sample, he refused to follow the instructions to accurately provide a sample, and was observed as only inhaling and not exhaling into the machine for a number of attempts. Mr. Manzo ultimately did not exhale into the machine, failing to provide a breath sample. After the machine timed out, the officer marked Mr. Manzo as refusing to provide a breath sample.

Upon Mr. Manzo's refusal to provide a breath sample, the officer applied for a warrant to obtain a blood sample from him and to also search the Camaro. After the search warrant was signed for both, Mr. Manzo was transported to Samaritan Hospital to have his blood drawn. His blood was drawn without incident, and he was transported back to the Grant County Jail. During the transport, he was asked about the firearm found in the vehicle. Mr. Manzo denied ownership of the firearm and claimed that he did not know anything about it being there.

Prob12C
**Re: Manzo, Alejandro Noe**
**March 12, 2026**
**Page 4**

Once Mr. Manzo was in custody, the officer executed the search warrant for the Camaro. The search of the vehicle resulted in numerous empty alcohol containers being found which were photographed. Additionally, the officer recovered the firearm that was found underneath the passenger seat. Upon providing dispatch with the serial number (TY00949), the officer was advised that the firearm was confirmed stolen. During the vehicle search, an iPhone that appeared to be Mr. Manzo's was taken. Prior to his arrest, Mr. Manzo had allegedly made comments about his telephone that was concerning to the arresting officer. A secondary search warrant was being applied for to search the contents of the telephone.

In addition to his arrest for DUI, operation of a motor vehicle without ignition interlock device, and DWLS, Mr. Manzo was charged with unlawful possession of firearm in the 2nd degree and possession of a stolen firearm.

The undersigned was contacted by a detective with the Moses Lake Police Department on March 9, 2026, to discuss Mr. Manzo's arrest. The detective advised that shortly after being booked into custody, Mr. Manzo was released based on a lack of evidence and no charges would be filed until further evidence was gathered. The undersigned was informed that the search warrant for Mr. Manzo's telephone was still pending, and that he was confident that the contents of his telephone would result in sufficient evidence to proceed with criminal charges. As of March 11, 2026, Mr. Manzo remains out of custody.

It should be noted that Alejandro Manzo is currently under investigation for a separate criminal offense in which he assaulted a female at a party on or about February 20, 2026. A detective has advised that once the prosecutor's office accepts the case and Mr. Manzo is officially charged, he would notify the undersigned. This officer remains in communication with the detective regarding the status of Mr. Manzo's pending charges from the February 20, 2026, assault, as well as his March 7, 2026, arrest.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:     March 12, 2026

s/Derrick Findley

Derrick Findley
U.S. Probation Officer

Prob12C
**Re: Manzo, Alejandro Noe**
**March 12, 2026**
**Page 5**

## THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

_____
Signature of Judicial Officer

March 13, 2026
_____
Date